## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**LAMONT VAN HARRIS,**

    **Movant,**

**v.**                          **Case No. 2:15-cv-04104**
                                     **Criminal Case No. 2:11-cr-00240**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Lamont Van Harris's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 142).[1] This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that his § 2255 Motion be **DENIED**, and this matter be **DISMISSED** from the docket of the Court.

### I.    Factual and Procedural Background

In January 2012, Movant was convicted of being a felon in possession of a firearm

---

[1] The docket entries referenced throughout this PF & R are taken from proceedings of record in Movant's criminal case and cite to Case No. 2:11-cr-00240.

in violation of 18 U.S.C. § 922(g). (ECF Nos. 81, 109). He unsuccessfully appealed his conviction to the United States Court of Appeals for the Fourth Circuit and then filed a Petition for a Writ of Certiorari in the United States Supreme Court, which was denied on October 7, 2013. (ECF Nos. 111, 135 at 2, 146-1 at 8). He filed a § 2255 action in this Court in 2014; however, subsequent to the government's response, he moved to withdraw his motion as frivolous. The Court granted Movant's motion to withdraw and denied his § 2255 motion as moot. (ECF Nos. 130, 135 at 4-8, 137, 138, 139, 140).

Movant then filed the instant § 2255 motion on April 2, 2015. (ECF No. 142).[2] Respondent has filed a response, arguing that the motion is untimely under 28 U.S.C. § 2255(f)(1). (ECF No. 146). In reply, Movant states that his motion is timely because his first § 2255 motion was filed within the one-year statute of limitations and "Federal Rule of Civil Procedure 15 permits amendment 'by leave of court.'" (ECF No. 147). He indicates that his present motion is a "recharacterization" of his earlier § 2255 motion. (*Id.*).

## II.    **Discussion**

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Pursuant to the "prison mailbox rule," the undersigned applies the date on Movant's certificate of service as opposed to the date that the clerk of court received his motion. *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'") (citing *Houston v. Lack*, 487 U.S. 266, 266 (1988)).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the United States Supreme Court denied Movant's Petition for a Writ of Certiorari on October 7, 2013. (ECF No. 146-1 at 8). Therefore, his judgment of conviction became final on that date. *See, e.g., United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) ("absent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255 ¶ 6(1) when the Supreme Court denies certiorari after a prisoner's direct appeal."). Consequently, pursuant to the AEDPA, the one year (365 day) time period within which Movant could file a § 2255 motion expired on October 7, 2014. Movant did not file the instant § 2255 motion until April 2, 2015. (ECF No. 142). Therefore, his motion is untimely. Notably, the time period during which his initial § 2255 motion was pending did not toll the "one-year clock." *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."); *see also United States v. Martin*, No. 3:07-CR-122, 2015 WL 5440734, at *3 n.4 (E.D. Va. Sept. 15, 2015) (collecting cases).

Further, there is no merit to Movant's apparent claim that this is a "recharacterization" of his prior § 2255 motion. He moved to withdraw his first § 2255 motion, conceding that it was "frivolously filed" and "lacked constitutional grounds." (ECF No. 138 at 1-2). The Court granted his motion, and the case was dismissed. He did

not, as he suggests, move to amend his motion under Federal Rule of Civil Procedure 15. Rather, his first motion was withdrawn, in its entirety, on the basis that it was groundless; the civil case was closed; and more than ninety days later, Movant filed a new and distinct § 2255 motion.

In moving to withdraw his initial § 2255 motion, Movant referenced his intent to "recharacterize" it. Indeed, the withdrawal of Movant's prior motion allowed him to file a second § 2255 motion without invoking the gatekeeping prohibition against "second or successive" § 2255 motions without Fourth Circuit approval. *See* U.S.C. § 2244(b); *Scott v. United States*, 761 F. Supp. 2d 320, 325 (E.D.N.C. 2011) ("where the prior section 2255 motion was not adjudicated on the merits, any subsequent section 2255 motion is not "second or successive."). Nonetheless, while Movant was permitted to file another § 2255 motion, he was still subject to the AEDPA statute of limitations. He does not allege, nor does any evidence before the Court show, that Movant is entitled to equitable tolling of the limitations period. (ECF Nos. 142, 147); *Cf. Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). (Equitable tolling is only applicable in rare instances where a party has diligently pursued his rights, but "due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Therefore, for the reasons stated above, the undersigned **FINDS** that Movant's § 2255 motion is untimely and must be dismissed.

### III.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF

No. 142), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** February 3, 2017

Cheryl A. Eifert
United States Magistrate Judge